1IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHNNIE MARIE DIXON                                                              PLAINTIFF

vs.                                    Civil No. 4:15-cv-04023

CAROLYN W. COLVIN                                                                DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Johnnie Marie Dixon ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her current disability applications on June 6, 2012.[2]  (Tr. 20).  In her applications, Plaintiff alleges being disabled due to a "[r]uptured disc in [her] back between c4,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___."  The transcript pages for this case are referenced by the designation "Tr."

[2] Plaintiff previously filed other applications for disability benefits on September 15, 2010.  (Tr. 20).  Those applications were denied in a prior decision and are not currently before the Court.  *Id.*

c5, c6 and c2," diabetes, and a "[p]inched nerve in [her] neck and lower back." (Tr. 224). Plaintiff alleges an onset date of December 31, 2011. (Tr. 20). These applications were denied initially and again upon reconsideration. (Tr. 99-111). Thereafter, Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted. (Tr. 38-66, 154-155).

Plaintiff's administrative hearing was held on September 12, 2013 in Texarkana, Arkansas. (Tr. 38-66). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") William F. Weber testified at this hearing. *Id.* At this hearing, Plaintiff testified she was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and under 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 42). As for her education, Plaintiff also testified she had completed the twelfth grade in high school. (Tr. 42).

After this hearing, on November 15, 2013, the ALJ entered an unfavorable decision denying Plaintiff's DIB and SSI applications. (Tr. 17-33). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2015. (Tr. 22, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 31, 2011, her alleged onset date. (Tr. 22-23, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the spine, arthritis, peripheral neuropathy, hypertension, diabetes mellitus, and obesity. (Tr. 23-26, Finding 3). However, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 26-27, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her

Residual Functional Capacity ("RFC").  (Tr. 27-31, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> The claimant has the residual functional capacity to occasionally lift and carry 10 pounds and frequently lift and carry less than 10 pounds, as well as stand and/or walk 6 hours out of an 8-hour workday and sit 2 hours out of an 8-hour workday.  The claimant's ability to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) is reduced by inability to climb ramps/stairs, kneel and crouch on more than an occasional basis.  The claimant must avoid even moderate exposure to extreme cold, etc.

*Id*.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform her PRW.  (Tr. 31, Finding 6).  The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 31-32, Finding 10).  To make this determination, the ALJ relied upon the VE's testimony at the administrative hearing.  *Id.*  Based upon that testimony, the ALJ determined Plaintiff retained the capacity to work at the following occupations: (1) addresser with 600 such jobs in Arkansas and 14,000 such jobs in the United States; (2) document preparer with 1,400 such jobs in Arkansas and 63,000 such jobs in the United States; and (3) telephone information clerk with 800 such jobs in Arkansas and 28,000 such jobs in the United States.  *Id.*  Because the ALJ found Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability (as defined in the Act) from December 31, 2011 through the date of his decision or through November 15, 2013.  (Tr. 32, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable

decision. (Tr. 15-16). On November 22, 2014, the Appeals Council denied this request for review. (Tr. 1-2). On February 20, 2015, Plaintiff then filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 23, 2015. ECF No. 6. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.    **Discussion:**

In her appeal brief, Plaintiff raises three arguments for reversal: (A) the ALJ erred in his assessment of Listing 1.02; (B) the ALJ erred in discrediting the opinions of her treating physician; and (C) the ALJ erred in failing to include her "upper extremity weakness" in his hypothetical to the

VE. ECF No. 10 at 1-19. In Defendant's Response, she argues no reversal is necessary. ECF No. 11. Specifically, Defendant argues the ALJ properly found Plaintiff's impairments did not meet or equal the requirements of a Listing, the ALJ correctly evaluated the opinions of Plaintiff's treating physician, and the ALJ made a proper Step Five determination. ECF No. 11 at 1-11. The Court will consider each of the arguments Plaintiff has raised.

    A.    **Listing 1.02**

Plaintiff claims the ALJ erred by finding her impairments did not meet the requirements of Listing 1.02. ECF No. 10 at 7-15. Specifically, Plaintiff argues her peripheral neuropathy, upper extremity weakness, and inability to perform fine gross movements are well-documented and cause her to meet the requirements of Listing 1.02. *Id.*

In considering this issue, the Court first notes that Plaintiff has "the burden of proof . . . to establish that his or her impairment meets or equals a listing." *Johnson v. Barnhart,* 390 F.3d 1067, 1070 (8th Cir. 2004). Under the facts in the present action, the Court finds Plaintiff simply has not met that burden.

Indeed, Listing 1.02 requires a demonstration of the following:

> **1.02** *Major dysfunction of a joint(s) (due to any cause):* Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). . . .

Notably, for her impairments to meet the requirements of Listing 1.02, Plaintiff must demonstrate having a "gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis,

6

instability])." Here, Plaintiff has made no such demonstration or even made a claim as to what "gross anatomical deformity" she has. ECF No. 10 at 7-15. Thus, the Court finds Plaintiff has not met her burden of demonstrating her impairments meet or equals the requirements of Listing 1.02, and the Court finds no basis for reversal on this issue.

### B.     Treating Physician's Opinions

Plaintiff claims the ALJ erred by discounting the opinions of her treating physician, Dr. Dale Goins, M.D. ECF No. 10 at 15-17. Plaintiff claims Dr. Goins treated her for "more than 20 years" and completed an RFC assessment wherein he found she was unable to work. *Id.* Plaintiff claims Dr. Goins's assessment that she is disabled is entitled to controlling weight. *Id.*

Upon review of Plaintiff's claim, the Court finds no basis for reversal on this issue. Indeed, in his opinion, the ALJ fully considered Dr. Goins's findings and discounted those findings for the following reasons:

> In this instance, Dr. Goins appears to be relying on the claimant's subjective complaints rather than the objective findings that are minimal. To make a finding that the claimant would miss three or more days from work each month would have to be mere speculation on the part of Dr. Goins. As noted above, the degenerative changes to the lumbar spine are not severe enough to warrant surgery. The claimant has reported numbness and tingling; however, there are no EMG/nerve conduction studies in the file and no formal diagnosis of carpal tunnel syndrome. The consultative examiner found the claimant to have normal ability to finger, feel and grip. The claimant ambulated with a normal gait without the need for an assistive device. Examinations have consistently failed to reveal sensory or motor deficits. While the undersigned adopts Dr. Goins residual functional capacity for a reduced range of light work, the finding that the claimant would routinely miss three or more days from work each month is rejected.

(Tr. 30). In her briefing, Plaintiff supplies no basis for rejecting the ALJ's assessment of Dr. Goins's findings. ECF No. 10 at 15-17. Thus, the Court finds no basis for reversal on this issue.

*See Cline v. Colvin,* 771 F.3d 1098, 1013 (8th Cir. 2014) (permitting an ALJ to discount the opinions of a treating physician as long as that ALJ gives "good reasons" for his or her decision).

### C. Upper Extremity Weakness

Plaintiff claims the ALJ erred by failing to incorporate her upper extremity weakness in his hypothetical to the VE. ECF No. 10 at 17-19. Plaintiff claims she is restricted in her upper extremity, and the ALJ's failure to include this limitation in his hypothetical to the VE was reversible error. *Id.* In support of her claim that she is limited in this area, Plaintiff references the questionnaire Dr. Goins completed. (Tr. 314-318).

However, as noted above, the ALJ supplied "good reasons" for discounting Dr. Goins's findings in this questionnaire. Further, Dr. Goins's finding on this issue amounts to little more than a check on a checklist form: "Reaching (including overhead) . . . Yes . . . No . . . Frequently . . . Occasionally . . . ✓*Never*." (Tr. 316) (emphasis added). Such opinions on a checklist form may be properly dismissed, even in situations where the opinions are from a treating physician. *See Cline v. Colvin,* 771 F.3d 1098, 1104 (8th Cir. 2014) (recognizing "[w]hile a checklist evaluation can be a source of objective medical evidence, '[w]e have upheld [the] decision to discount a treating physician's [statement] where the limitations listed on the form stand alone, and were never mentioned in the physician's numerous records o[f] treatment nor supported by any objective testing or reasoning'" (citing *Reed v. Barnhart,* 399 F.3d 917, 921 (8th Cir. 2005))). Thus, the Court finds the ALJ did not err by failing to include this limitation in his hypothetical to the VE.

### 4. <u>Conclusion</u>:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 5th day of October 2015.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE
